UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER GEORGE DENTRY,

    Plaintiff,

v.

STATE OF MICHIGAN, OAKLAND
COUNTY 6TH CIRCUIT COURT,
CITY OF MADISON HEIGHTS, and
CITY OF WARREN,

    Defendants.
    _____/

No. 17-10643

District Judge David M. Lawson
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

On March 1, 2017, Plaintiff Christopher George Dentry filed a *pro se* civil complaint alleging violations of federal law[1] and naming as Defendants the State of Michigan, Oakland County Circuit Court, the City of Warren, and the City of Madison Heights. Before the Court are the following motions, which have been referred for Reports and Recommendations under 28 U.S.C. § 636(b)(1)(B):

-Motion to Dismiss by City of Madison Heights [Doc. #20]

-Motion to Dismiss by Oakland County Circuit Court [Doc. #21]

-Motion to Dismiss by State of Michigan [Doc. #34]

-Motion for Summary Judgment by City of Warren [Doc. #36]

For the reasons discussed below, I recommend as follows:

---

[1] Although the complaint does not explicitly cite 42 U.S.C. § 1983, Plaintiff states that the constitutional claims at issue are the Eighth, Fourth, Fourteenth, Sixth, and Fifth Amendments. *Complaint* [Doc. #1], p. 4, Pg. ID 4. I therefore construe the complaint as having been brought under § 1983.

-That the State of Michigan's Motion to Dismiss [Doc. #34] be DENIED as to the claim for prospective injunctive relief based on the Ex Post Facto Clause, and GRANTED as to the claim for money damages;

-That the City of Madison Heights' Motion to Dismiss [Doc. #20] be GRANTED;

-That the Oakland County Circuit Court's Motion to Dismiss [Doc. #21] be GRANTED;

-That the City of Warren's Motion for Summary Judgment [Doc. #36] be GRANTED; and

-That *pro bono* counsel be appointed for Mr. Dentry to litigate the ex post facto claim.

## I.   FACTS

Mr. Dentry's complaint is somewhat vague, but appears to center on three events: (1) his placement on Michigan's Sex Offender Registry in 1995, based on his conviction in the Oakland County Circuit Court for Assault with Intent to Commit Criminal Sexual Penetration, (2) judicial decisions in his Oakland County prosecution in 1994 and 1995, and (3) the Warren Police entry into his home in 1993, allegedly resulting in property damage and taking of money from his apartment.

In his claim against the State of Michigan, Mr. Dentry alleges that as the result of his placement on the Sex Offender Registry in 1995, he has been unable to obtain work. He states that he is entitled to relief, citing "Federal Court Appellate Decision 8-25-16," *Complaint*, *Statement of Claim* [Doc. #1] Pg. ID 5, and adds that "[i]t was the appellate decision of the Federal court that shined a little light my way and made me look into my

case." *Id*. Pg. ID 9.[2]

Mr. Dentry accuses the Oakland County Circuit Court of "dragging its feet" in his 1994 case, between June 9, 1994 and when he was released from probation on July 17, 1996, thereby violating due process. *Id*. Pg. ID 5. The Oakland County Register of Actions, attached to his complaint, shows that his initial appearance in the district court for Madison Heights was on June 9, 1994, that he pled no contest on December 15, 1994, that sentencing was ordered delayed for one year, that he was sentenced to one year probation on December 14, 1995, and that probation was terminated early on July 17, 1996.

Mr. Dentry states that the City of Madison Heights set his bond at $180,000 cash, and accuses the City of fraud, conspiracy to commit fraud, breach of duty, violation of due process and equal protection, and evil-doing. Other than the reference to his pretrial bond, he does not set forth any facts supporting his claims. *Id*.

Mr. Dentry alleges that on June 23, 1993, Warren Police Officers broke down the door to his apartment and entered without a warrant, causing property damage and unlawfully taking $850.00. *Id*.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416,

---

[2] It is clear that Mr. Dentry is referring to *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), which was released on August 25, 2016. He has attached a newspaper article discussion this decision to his complaint.

419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

**B.     Summary Judgment**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the

plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. DISCUSSION

#### A. State of Michigan [Doc. #34]

As a general rule, the pleadings of a *pro se* litigant are to be liberally construed. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Nevertheless, Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436(6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). A court "should not have to guess at the nature of the claim asserted." *Id*.

Although in many respects this complaint is a study in vagueness, there is little guesswork in discerning the basis of Mr. Dentry's claim against the State of Michigan. In describing the misfortunes, economic and otherwise, that have befallen him since his placement on the Sex Offender Registry, and then referring to the "Federal Court Appellate Decision 8-25-16," as well as attaching a newspaper article discussing that decision, it is clear that he is seeking relief under *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), which was released on August 25, 2016. In *Does*, the Sixth Circuit held that

Michigan's Sex Offender Registration Act ("SORA") effectively imposes a criminal, as opposed to a civil penalty, and is therefore subject to the constitution's Ex Post Facto Clause, U.S. Const. art. 1 § 10, cl. 1:

> "We conclude that Michigan's SORA imposes punishment....We therefore reverse the district court's decision that SORA is not an Ex Post Facto law and remand for entry of judgment consistent with this opinion." 834 F.3d at 705-706.

Mr. Dentry's complaint may also be fairly construed as alleging a continuing constitutional violation, and therefore as seeking injunctive relief as well as monetary damages. *See Alame v. Smetka*, 2009 WL 236073, at *5–6 (E.D.Mich. January 29, 2009)(allegations that a Michigan Department of Correction Policy Directive was unconstitutional stated request for injunctive relief).

Defendant is correct that monetary damages against the State of Michigan are barred by Eleventh Amendment immunity. *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989). However, the immunity does not extend to claims for prospective injunctive relief based on constitutional violations. *Ernst v. Rising,* 427 F.3d 351, 358 - 359 (6th Cir. 2005), citing *Ex parte Young,* 209 U.S. 123, 155-56 (1908)("The immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law").

Mr. Dentry's complaint and its attachments provide facts that, for purposes of Rule 12(b)(6), sufficiently support a plausible Ex Post Facto claim. Specifically, the Oakland County Register of Actions, attached to his complaint, indicates that his initial appearance in the district court for Madison Heights on the charge of Assault with Intent to Commit Criminal Sexual Penetration was on June 9, 1994. The effective date of SORA was October 1, 1995. P.A. 1994, No. 295, M.C.L. § 28.271, *et seq*. Thus, the offense was committed before the effective date of a statute that, according to the Sixth

Circuit in *Does v. Snyder,* increased the punishment. In *Calder v. Bull*, 3 U.S. 386, 1 L.Ed.2d 648 (1798), the Supreme Court's seminal Ex Post Facto case, Justice Chase included within ex post facto laws the following:

> "I will state *what laws* I consider *ex post facto laws*, within the *words* and the *intent* of the prohibition....Every law that *changes the punishment* and inflicts a *greater punishment*, than the law annexed to the crime, when committed." *Id*. at 390 (Emphasis in original).

*See also United States v. Coccia*, 598 F.3d 293, 297 (6th Cir. 2010)("'If the intention of the legislature [in enacting a statute that has retroactive application] was to impose punishment, that ends the inquiry,' and the statute violates the Ex Post Facto Clause")(quoting *Smith v. Doe*, 538 U.S. 84, 92 (2002)).

In *Smith v. Doe*, the Supreme Court found that Alaska's sex offender registry law was civil in nature, not criminal, and therefore rejected an Ex Post Facto challenge. Similarly in *United States v. Felts*, 674 F.3d 599, 605–06 (6th Cir. 2012), the Sixth Circuit, citing *Smith*, held that the federal Sex Offender Registration Notification Act (SORNA), 42 U.S.C. § 16901 *et seq.*, was civil in nature and thus not governed by the Ex Post Facto Clause. In *Does v. Snyder*, however, the Court distinguished Michigan's statute from *Smith* in holding that SORA was punitive.

*Does v. Snyder* specifically addressed the 2006 amendments to SORA, but the language appears expansive enough to apply to the original 1995 statute as well. At a minimum, and for purposes of Rule 12(b)(6), Mr. Dentry has stated a plausible Ex Post Facto claim for injunctive relief that should go forward with full briefing by the parties. I therefore recommend that the State of Michigan's motion to dismiss be denied as to the claim for injunctive relief, and that counsel be appointed for Mr. Dentry. His claim for monetary relief, however, should be dismissed.

### B.   City of Madison Heights [Doc. #20]

Mr. Dentry claims that the City of Madison heights committed "fraud, conspiracy to commit fraud, breach of duty, violation of due process and equal protection, and evil-doing." In his attached "Summary of Events," *Complaint*, Pg. ID 16, 21, he recounts events that occurred in December of 1993.  He states that on December 7, 1993, when he came home from work, "[t]he Madison Heights police pulled up and blocked me in. They ordered me to go back in the house where they found nothing wrong and left." Pg. ID 16.  He also offers what appears to be a factual rebuttal to a police report that his former wife made to the Madison Heights police in 1993.  Pg. ID 21. However, he offers no facts to support his constitutional claims.  *Iqbal* instructs that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  556 U.S. at 678.  He also states that the pretrial bond in his 1994-1995 case was set at $180,000, but does not indicate how this violated federal law.[3]  Mr. Dentry has not stated a plausible claim for relief against the City of Madison Heights.

Moreover, even if Mr. Dentry had provided factual support for events that occurred between 1993 and 1995, his claims would be barred by the statute of limitations. The statute of limitations for civil rights suits filed in federal court in Michigan under § 1983 is three years. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (In a § 1983 action, federal courts apply state personal injury statutes of limitations); M.C.L. § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir.1986).  The limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir.1991).  Mr. Dentry filed his complaint on March 1, 2017, long after the statute of

---

[3] Bond would have been set by the court, not by the City of Madison Heights.

limitations ran. His complaint against the City of Madison Heights must therefore be dismissed as time-barred.

### C.    Oakland County Circuit Court [Doc. #21]

In *Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 763 (6th Cir. 2010), the Sixth Circuit observed that "there can be no doubt that all of Michigan's courts, including those trial-level courts funded by local funding units, are part of one, unified judicial branch *of the state*." (Emphasis in original). As an arm of the state, therefore, the Oakland County Circuit Court is protected by Eleventh Amendment immunity. *Id*.

Nor has Mr. Dentry stated a plausible claim against the Oakland County Circuit Court. Accusing the Court of "dragging its feet" does not meet the *Iqbal* standard for factually supporting a constitutional claim.

Finally, in that the proceedings in Oakland County Circuit Court terminated when Mr. Dentry was discharged from probation on July 17, 1996, any claim arising from those proceedings is time-barred. *Carroll v. Wilkerson*.

### D.    City of Warren [Doc. #36]

Mr. Dentry's claims against the City of Warren stem from an alleged warrantless entry into his home on June 23, 1993 by Warren police officers. He has set forth the factual basis of a Fourth Amendment violation by the police officers, but has not provided facts that would plausibly show municipal liability.[4]

In *Monell v. Department of Social Services of City of New York* 436 U.S. 658, 98 (1978), the Supreme Court held that under § 1983, municipal liability is not unlimited, and that a municipality could not be liable on a theory of *respondeat superior*: "A

---

[4] In addition to summary judgment based on an affidavit from a Warren Police Commissioner, this Defendant also seeks dismissal for failure to state a claim, under Rule 12(b)(6).

municipality cannot be held liable *solely* because it employs a tortfeasor - - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.*, 436 U.S. at 691, 2036. (Emphasis in original). However, the *Monell* Court found that when the acts of individual employees represent the government's custom or policy, the municipality can be held liable. *Id* at 638; *Johnson v. City of Detroit*, 944 F.Supp. 586, 598 (E.D. Mich. 1996). In addition, § 1983 liability can be based on a policy of inadequate training or supervision, but "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Mr. Dentry has neither alleged nor offered facts that plausibly support a claim of a municipal policy or a failure to train. In addition, the City has offered as Exhibit C to its motion the unrebutted affidavit of Jere Green[5], City of Warren Police Commissioner, denying that the City "has ever had a custom, policy or practice of unreasonable searches and seizures or to deprive citizens of personal property without due process," and stating that to the best of his knowledge, Officer James Wise (who is not named as a Defendant but who was the officer involved in the 1993 incident) "received training as to proper searches and seizures at the Police Academy and through the Warren Police Department's training programs." *Green Affidavit*, ¶¶ 4,5. The City is also entitled to summary judgment.

Finally, for the reasons stated in the preceding sections, Mr. Dentry's claim against the City of Warren for events that occurred in 1993 is time-barred.

---

[5] Mr. Dentry's response to the City of Warren's motion [Doc. #39] merely states that he "objects" to and "disagrees with" the motion. He does not offer any countervailing affidavits or other factual material.

## IV.    CONCLUSION

I recommend as follows:

-That the State of Michigan's Motion to Dismiss [Doc. #34] be DENIED as to the claim for prospective injunctive relief based on the Ex Post Facto Clause, and GRANTED as to the claim for money damages;

-That the City of Madison Heights' Motion to Dismiss [Doc. #20] be GRANTED;

-That the Oakland County Circuit Court's Motion to Dismiss [Doc. #21] be GRANTED; and

-That the City of Warren's Motion for Summary Judgment [Doc. #36] be GRANTED.

I further recommend that *pro bono* counsel be appointed for Mr. Dentry to litigate the ex post facto claim.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed

objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: February 9, 2018                               s/R. Steven Whalen
                                                      R. STEVEN WHALEN
                                                      U.S. MAGISTRATE JUDGE

### CERTIFICATE OF SERVICE

I hereby certify on February 9, 2018 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on February 9, 2018.

                                                      s/Carolyn M. Ciesla
                                                      Case Manager for the
                                                      Honorable R. Steven Whalen