UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER GEORGE DENTRY,

        Plaintiff,

v.

        Case Number 17-10643
        Honorable David M. Lawson
        Magistrate Judge R. Steven Whalen

STATE OF MICHIGAN, OAKLAND
COUNTY 6TH CIRCUIT COURT,
CITY OF MADISON HEIGHTS, and
CITY OF WARREN,

        Defendants.
_____/

## OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, SUSTAINING STATE OF MICHIGAN'S OBJECTIONS, GRANTING MOTIONS TO DISMISS, AND GRANTING LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Christopher George Dentry filed a *pro se* complaint against the State of Michigan, a state circuit court, and two municipalities alleging that his constitutional rights were violated when he was arrested, prosecuted, and sentenced for an assault crime committed against his wife in 1994, whom he was divorcing. Part of the consequences of the plaintiff's conviction was a requirement that he register as a sex offender. The Court referred this case to Magistrate Judge R. Steven Whalen for pretrial management. Thereafter, all the defendants filed motions to dismiss the complaint, except for the City of Warren, which filed a motion for summary judgment. Judge Whalen filed a report on February 9, 2018 recommending that the motions by the Cities of Warren and Madison Heights and the Sixth Circuit Court be granted, and the motion by the State of Michigan be granted in part. Judge Whalen agreed that the claim for money damages against the State was barred by the Eleventh Amendment, but he suggested that the claim for prospective injunctive relief could proceed, because the plaintiff's sex offender registry obligation violates the

Constitution's *Ex Post Facto* Clause. The plaintiff did not file objections to the report and recommendation, and the time for objecting has lapsed. The State filed timely objections to that part of the report recommending that the plaintiff's claim for prospective relief survives, and the matter is before the Court for *de novo* review.

The Court agrees with the State that the Eleventh Amendment bars suits of all stripes against the State itself. But the magistrate judge found merit in the plaintiff's *Ex Post Facto* Clause claim, a finding to which the State did *not* object, and a claim for prospective relief based on that theory against a state official would not be barred by the Eleventh Amendment. The Court will sustain the State's objection, but will allow the plaintiff to amend his complaint to substitute the appropriate state official as the defendant, if he chooses. The Court will grant the motions as to the other defendants and dismiss the complaint as to them.

I.

The plaintiff's complaint consists mainly of documents relating to his underlying 1994 conviction for assault with intent to commit criminal sexual penetration. He presents several police reports interspersed with a "Statement of Facts," a document that generally attempts to refute the allegations in the contemporaneous police reports. Plaintiff Christopher Dentry is a former employee of the Madison Heights Department of Public Works. Dentry married Ann Whitehorn in the fall of 1982, sharing a home in Madison Heights. Dentry and Whitehorn had two children and struggled financially, fighting frequently over money. In June of 1993, Whitehorn filed for divorce and Dentry began living in Warren with Karen Collett, his new girlfriend.

At the end of June 1993, Dentry alleges, he came home to the apartment he shared with Collett to find that his front door and bathroom had been "kicked in," and that $850 in cash was

missing from his bedroom. Dentry alleges that he called the Warren police, who informed him that "they had to kick down [his] door to apprehend Karen and take her to get a psychiatric evaluation." Dentry also alleges that police officers entered his home without a warrant. The Police Commissioner for the City of Warren testified that the responding officers in this incident, James Wise and D. Stefani, "received training as to proper searches and seizures," and that the Warren Police Department has never "had a custom, policy, or practice of unreasonable searches and seizures." According to Dentry, this incident forced him to move back into his mother's home, pay for repairs of his damaged front and bathroom doors, and lose the missing $850.

Over the next few months, Dentry was involved in several altercations with Whitehorn as their divorce proceedings continued. On September 27, 1993 Madison Heights police responded to Whitehorn's home, finding Dentry "at the front door . . . yelling at Ann." Whitehorn told the responding officers that Dentry had been harassing and threatening her since she filed for divorce in June, and had let the air out of her car tires that morning. Dentry alleges that Whitehorn invited him to her home to help check her tire pressure, but arrived to find Whitehorn accusing him of tampering with her car. Whitehorn also identified to police a number of instances in which Dentry had hit, pushed, or otherwise assaulted her.

On December 7, 1993, Whitehorn filed a police report in which she accused Dentry of slapping her and pulling out her hair during an argument. Dentry alleges that Whitehorn fabricated this incident to bolster her case in their ongoing divorce. On January 18, 1994, Whitehorn filed another police report alleging that Dentry had beaten her, burned her face with a cigarette, and attempted to penetrate her sexually. Dentry denies attacking Whitehorn, alleging instead that she

was the aggressor and that he slapped her only after she began punching, scratching, and kicking him.

After the January 18 incident, Dentry was arrested and charged with assault with intent to commit criminal sexual penetration. Dentry's initial appearance in the Oakland County court was on June 9, 1994. He pleaded no contest to the charge on December 15, 1994. Dentry's sentencing was ordered delayed for a year. He ultimately was sentenced to one year of probation on December 14, 1995. Thereafter, he was placed on the sex offender registry. Dentry's probation was terminated on July 17, 1996. Dentry alleges that the Oakland County circuit court "dragged its feet" while handling his case. Dentry alleges that he has been unable to find work due to his sex offender status and that threats have been made against him due to his listing on the sex offender registry.

The plaintiff filed his *pro se* complaint on March 1, 2017, alleging violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, which he asserts via 42 U.S.C. § 1983. Following the full case reference to Judge Whalen, the defendants' motions followed.

Magistrate Judge Whalen concluded that the complaint ought to be dismissed as to defendants City of Madison Heights, Oakland County Sixth Circuit Court, and the City of Warren. He found that the plaintiff's allegations against the City of Madison Heights consisted of "threadbare recitals" of elements, unsupported by facts. He also concluded that even if the plaintiff stated a plausible claim against the Madison Heights, his claim would be barred by section 1983's statute of limitations. Similarly, the magistrate judge determined that the plaintiff failed to allege facts that plausibly support a claim of municipal liability against the City of Warren. He was satisfied that the plaintiff set forth a sufficient factual basis for a Fourth Amendment claim, but found that there was no evidence of a custom, policy, or practice of warrantless searches and seizures or evidence of a

lack of training in the City's police departments. The magistrate judge determined that the plaintiff's claim also was time-barred under section 1983. The magistrate judge also found that Eleventh Amendment immunity applied to the claims against the Oakland County Circuit Court, the plaintiff's allegations against that defendant did not meet the pleading standard under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and any claim arising from the plaintiff's proceedings in that court is time-barred.

The magistrate judge concentrated much of his report on the State of Michigan's motion, initially determining that the plaintiff's claim against the State — the validity of Michigan's Sex Offender Registration Act — was based on the Constitution's prohibition against *Ex Post Facto* laws. He found that the complaint could be construed as alleging a continuing violation, entitling the plaintiff to both monetary and injunctive relief. The magistrate judge agreed that Eleventh Amendment immunity barred claims for monetary damages, but concluded that immunity does not extend to claims for prospective relief (citing *Ex Parte Young*, 209 U.S. 123 (1908)). The magistrate judge determined that the plaintiff alleged enough facts that support a plausible *Ex Post Facto* claim.

As noted, the plaintiff filed no objections, and the State objected to the part of the report suggesting that the claim for prospective relief could proceed.

II.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order

to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the pleadings, the report and recommendation, and the State's objection, and has made a *de novo* review of the record in light of the parties' submissions.

The State argues that the magistrate judge erred in allowing Dentry's claim for prospective relief to survive the State's motion to dismiss. The State insists that claims for both monetary and prospective relief under 42 U.S.C. § 1983 are barred by Eleventh Amendment sovereign immunity, and that none of the exceptions to that jurisdictional bar apply here. The State notes that Congress did not abrogate sovereign immunity in section 1983, and the State of Michigan has not consented to suits filed against it in federal court.

The Court agrees. Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). There are only three exceptions to Eleventh Amendment immunity: (1) when the state has waived its immunity by consenting to the lawsuit; (2) when

Congress has abrogated the state's sovereign immunity; and (3) when the plaintiff seeks only prospective injunctive relief against a state official from violating federal law. *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citing cases).

It is well-settled that "Michigan has not consented to the filing of civil rights suits against it in federal court," *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and section 1983 does not abrogate Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 341 (1979).

The third exception, as set forth in *Ex Parte Young*, 209 U.S. 123 (1908), "allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations, 'regardless of whether compliance might have an ancillary effect on the state treasury.'" *Boler*, 865 F.3d at 412 (quoting *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008)). However, "[i]njunctive relief is available under the *Young* exception only against state officers — not the state itself — who violate federal law." *Lawson v. Shelby Cty., TN*, 211 F.3d 331 (6th Cir. 2000) (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)).

The magistrate judge concluded, however, that the plaintiff may have a legitimate grievance over his continued placement on Michigan's sex offender registry. The Sixth Circuit has held that Michigan's Sex Offender Registration Act (SORA) imposes a criminal penalty, and it therefore can constitute an *ex post facto* law, which is repugnant to the Constitution. *Does #1-5 v. Snyder*, 834 F.3d 696, 705-06 (6th Cir. 2016) (citing U.S. Const. art. 1 § 10, cl. 1). The State did not object to that conclusion.

Although the plaintiff cannot proceed against the State itself on that claim, he can maintain his claim against the appropriate state official who enforces the registration obligation under SORA. Because pleadings by *pro se* litigants are viewed with indulgence, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court will allow the plaintiff to amend his complaint to substitute the appropriate state official as a defendant, so that he can pursue his claim for prospective relief, only.

III.

The magistrate judge properly concluded that the plaintiff has not stated viable claims against the Cities of Warren or Madison Heights or the Oakland County Sixth Circuit Court. He also correctly concluded that the plaintiff cannot proceed against the State of Michigan for money damages. The plaintiff cannot sue the State for prospective relief, but he should be able to proceed on his theory against a state official.

Accordingly, it is **ORDERED** that the State's objections to the report and recommendation [dkt. #46] are **SUSTAINED IN PART**, and the magistrate judge's report and recommendation [dkt. #45] is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that the motion to dismiss by defendants City of Madison Heights [dkt. #20], and Oakland County Sixth Circuit Court [dkt. #21], and the motion for summary judgment by defendant City of Warren [dkt. #36] are **GRANTED**, and the complaint is **DISMISSED WITH PREJUDICE** against those defendants.

It is further **ORDERED** that the motion to dismiss by defendant State of Michigan [dkt. #34] is **GRANTED IN PART**, and the plaintiff's claim against the State for money damages is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the plaintiff may file an amended complaint substituting the appropriate state official as a defendant for his claim based on the *Ex Post Facto* Clause **on or before March 28, 2018**. If the plaintiff fails to file an amended complaint by that date, the case will be dismissed against the State of Michigan in its entirety.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: March 7, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 7, 2018.

s/Susan Pinkowski<br>
SUSAN PINKOWSKI