UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER GEORGE DENTRY,

    Plaintiff,                          No. 17-10643

v.                                  District Judge David M. Lawson
                                     Magistrate Judge R. Steven Whalen

RICHARD SNYDER and KRISTE
KIBBE ETUE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendants' Motion to Dismiss or to Transfer Plaintiff's Amended Complaint [ECF No. 69], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). Because Plaintiff has obtained the relief he seeks as a class member subject to Judge Cleland's decision in *Doe, et al. v. Snyder*, 2020 WL 758232 (E.D. Mich. Feb. 14, 2020), I recommend that the Defendant's Motion to Dismiss [ECF No. 69] be GRANTED on the basis that Plaintiff's amended complaint is moot.

**I. FACTS**

On March 1, 2017, Plaintiff Christopher George Dentry filed a *pro se* civil complaint alleging violations of federal law and naming as Defendants the State of

Michigan, Oakland County Circuit Court, the City of Warren, and the City of Madison Heights. On March 7, 2018, the Court, adopted in part my Report and Recommendation, dismissing all claims, but permitting Plaintiff to file an amended complaint "substituting the appropriate state official as a defendant for his claim based on the *Ex Post Facto* Clause." [ECF No. 47, PageID.408-409].

Plaintiff filed his Amended Complaint for Injunctive Relief on April 23, 2018 [ECF No. 48], naming as Defendants Richard Snyder, then Governor of the State of Michigan, and Kriste Kibbe Etue, Director of the Michigan State Police, in their official capacities. He alleged a violation of the *Ex Post Facto* Clause with regard to the application of Michigan's Sex Offender Registration Act ("SORA") to his conviction of Assault with Intent to Commit Criminal Sexual Penetration, where the date of the offense (1994) preceded the effective date of SORA (October 1, 1995). He seeks an injunction barring the application of any SORA requirement, including registration.[1]

## II.   DISCUSSION

On February 14, 2020, Judge Cleland decided *Doe, et al. v. Snyder*, No. 16-13137, 2020 WL 758232 (E.D. Mich. Feb. 14, 2020). *Doe* was a class action *Ex Post Facto* case

---

[1] The Oakland County Register of Actions, attached to Plaintiff's original complaint, shows that his initial appearance in the district court for Madison Heights was on June 9, 1994, that he pled no contest on December 15, 1994, that sentencing was ordered delayed for one year, that he was sentenced to one year probation on December 14, 1995, and that probation was terminated early on July 17, 1996. *See* ECF No. 1, PageID.42-44. These facts are not in dispute.

in which the plaintiffs sought to enjoin the retroactive application of SORA . The Court certified the primary class as "all people who are or will be subject to registration under SORA." *Id*. The Court certified the following ex post fact sub-class:

> "The 'pre-2006' ex post facto subclass' is defined as members of the primary class who committed their offense or offenses requiring registration before January 1, 2006, and who have committed no registrable offense since." *Id*.

Plaintiff committed his offense in 1994, well before January 1, 2006, and indeed before the effective date of the first iteration of SORA. The Plaintiff is therefore a member of both the primary class and the pre-2006 *Ex Post Facto* subclass in *Doe*.

First, Judge Cleland in *Doe* found that the Sixth Circuit "invalidat[ed] all portions of the 2006 and 2011 amendments as applied to the members of the ex post facto subclasses." Then, addressing the issue of the severability of those amendments from the rest of the statute, *Doe* held that "because the 2011 amendments cannot be severed from the statute, the court holds that SORA *in toto* cannot be applied to any members of the ex post facto subclasses," adding in fn. 9, "The court's determination that the 2011 amendments are not severable means that the entirety of SORA cannot apply to any persons whose crime subjecting them to registration occurred before the enactment of the 2011 amendments."

Addressing specifically the issue of whether a previous version of SORA could be revived, *Doe* held that "[u]nless and until decisive action is taken by the Michigan legislature, no provision of SORA may be enforced against members of the ex post facto

subclasses."

As a class and sub-class member, Plaintiff is the beneficiary of the injunctive relief granted in the *Doe*, and by virtue of that decision has received the relief that he seeks in the present case. While Plaintiff is correct that Defendants have not technically stated a basis for dismissal under Fed.R.Civ.P. 12(c), their motion to dismiss may nevertheless be granted on the basis that Plaintiff's complaint is moot.

### III.    CONCLUSION

I therefore recommend that Defendants' Motion to Dismiss or to Transfer Plaintiff's Amended Complaint [ECF No. 69] be GRANTED and that the Amended Complaint be DISMISSED AS MOOT.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 29, 2020

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 29, 2020, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen