UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER GEORGE DENTRY,

    Plaintiff,

v.

RICHARD SNYDER and KRISTE KIBBE ETUE,

    Defendants.
    _____/

Case Number 17-10643
Honorable David M. Lawson
Magistrate Judge R. Steven Whalen

## ORDER OVERRULING OBJECTION, ADOPTING RECOMMENDATION IN PART, AND DISMISSING CASE WITHOUT PREJUDICE

Plaintiff Christopher George Dentry filed an amended *pro se* civil complaint seeking injunctive relief against the retroactive application of Michigan's Sex Offender Registration Act ("SORA") against him, which he alleged violated the *Ex Post Facto* Clause of the Constitution. U.S. Const. art. I, § 9, cl. 3. The Court referred the case to United States Magistrate Judge R. Steven Whalen under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3) to conduct pretrial proceedings. Defendants Richard Snyder and Kristie Kibbe Etue eventually filed a motion to dismiss the case, and Judge Whalen filed a report on February 29, 2020, recommending that the defendants' motion be granted. The plaintiff filed an objection to the report and recommendation, and later filed a motion for summary judgment. The matter is now before the Court for fresh review.

I.

Judge Whelan summarized the proceedings in this case, and the parties are familiar with the facts. The focus of the defendants' motion to dismiss is the amended complaint, which Dentry filed with permission. That pleading sought injunctive relief against defendants Richard Snyder,

then Governor of the State of Michigan, and Michigan State Police Director Kriste Kibbe Etue in their official capacities. Dentry argued that the defendants violated the *Ex Post Facto* Clause by retroactively applying SORA to his conviction of assault with intent to commit sexual penetration, where the date of his offense — 1994 — preceded the effective date of SORA — October 1, 1995. The defendants moved to dismiss the case, arguing that Dentry is a member of a mandatory class that has been certified under Federal Rule of Civil Procedure 23(b)(2). As a mandatory Rule 23(b)(2) class member in a pending class action, they say, Dentry is precluded from pursuing individual injunctive relief in this case.

Judge Whelan recommended granting the motion. He pointed out that on February 14, 2020, the Honorable Robert Cleland decided *Doe, et al. v. Snyder*, No. 16-13137, 2020 WL 758232 (E.D. Mich. Feb. 14, 2020) (*Does II*), a class action in which Judge Cleland held that the retroactive application of SORA violated the *Ex Post Facto* Clause. Judge Whelan concluded that Dentry was included as a mandatory class member in *Does II* and received the relief that he requested in this action. He noted that although the defendants did not technically state a basis for dismissal under Rule 12(c), he nevertheless recommended that the Court grant their motion to dismiss on the basis that the plaintiff's complaint is moot.

II.

Dentry filed a single objection, to which the defendants responded. When objections are filed, the Court must "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), and determine whether the recommendation should be accepted, rejected, or modified in whole or in part, 28 U.S.C. § 636(b)(1). "The filing of objections provides the district court with the

opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In his only objection, Dentry argues that Judge Whelan erred by recommending that his case be dismissed because he still suffers a cognizable claim for which he is entitled to summary judgment under the principles of collateral estoppel in light of Judge Cleland's recent decision holding SORA unconstitutional in *Does II*. In their response, the defendants argue that Dentry is not permitted to seek individual relief because he is a member of the class in *Does II*. They also contend that collateral estoppel does not apply because no final judgment has been entered in *Does II*, and in any event, he is a member of the class, so collateral estoppel is unnecessary.

The defendants are correct. The parties do not dispute that Dentry is a member of the certified class in *Does II*. In that case, Judge Cleland defined the primary class as "all people who are or will be subject to registration under Michigan's Sex Offenders Registration Act." *Does II*, 2020 WL 758232, at *3. Dentry meets this definition. He also is a member of the "pre-2006 ex post facto subclass" because he is a member "of the primary class who committed [his] offense . . . requiring registration before January 1, 2006, and who ha[s] committed no registrable offense since." *Ibid.* As a class member, Dentry enjoys the benefits of the rulings in Judge Cleland's case.

The parties also agree that the injunctive relief that Dentry requests is identical to the relief currently being litigated in *Does II*. Yet Dentry argues that he is entitled to relief in both the class

action and in this case in his individual capacity. But as a member of the certified Rule 23(b)(2) class *in Does II*, Dentry cannot opt out of the class or separately litigate his claims. *See Walmart-Stores, Inc. v. Dukes*, 564 U.S. 338, 361 (2011) (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009) ("[t]he key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted — the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'"); *see also Groseclose v. Dutton,* 829 F.2d 581, 584 (6th Cir. 1987) (refusing to allow individual class members to mount their own separate lawsuit seeking similar injunctions to class action).

Nor can Dentry seek relief under the doctrine of collateral estoppel. Dentry seeks to apply collateral estoppel to obtain relief in this case, but he is already being provided the same relief in another, pending action in which he is an absent plaintiff. Dentry cannot proceed individually and must accept the relief provided to him and other class members in *Doe II*.

Furthermore, the defendants are correct that collateral estoppel is inapplicable here because Judge Cleland has not yet entered a final judgment in the *Does II* class action. The doctrine of collateral estoppel precludes re-litigation of an issue only where "a court necessarily decided the issue pursuant to entry of a final judgment . . . ." *Amos v. PPG Industries, Inc.*, 699 F.3d 448, 451 (6th Cir. 2012) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). Although Judge Cleland held that SORA violated the *Ex Post Facto* Clause, the opinion and order in *Does II* is not a final judgment. *Does II*, 2020 WL 758232, at *13 ("To be clear: SORA will not become unenforceable as of the date of this order. Rather, the holdings in this opinion will become effective and enforceable only after the entry of a final judgment, at the time specified in that final judgment.").

Although Judge Whelan correctly concluded that Dentry's case must be dismissed, it is not because his claims are moot. *See Radiant Global Logistics, Inc. v. Furstenau*, 951 F.3d 393, 395 (6th Cir. 2020) (under the mootness doctrine, "parties invoking the jurisdiction of federal courts must show that they have a 'legally cognizable interest' in the stake of the outcome") (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013)). Dentry never lost a "personal stake in the outcome"; rather, he pursues his legally cognizable claim as a plaintiff class member in *Does II*. *Ibid.* And although Dentry may not pursue individual relief in this case, he is not left empty-handed. He is free to "urge further action through the class representative and attorney." *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988).

Dentry's objection will be overruled. And because his motion for summary judgment rests on identical grounds, it will be denied.

III.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge arrived at the proper result, but not for the reasons stated in the report. The Court has considered Dentry's objection and finds that it lacks merit.

Accordingly, it is **ORDERED** that the magistrate judge's recommendation (ECF No. 73) is **ADOPTED IN PART**. Dentry's complaint will be dismissed without prejudice to him pursuing any additional relief he may desire as a mandatory class member in *Does II*.

It is further **ORDERED** that the plaintiff's objection (ECF No. 74) is **OVERRULED**.

It is further ordered that the defendants' motion to dismiss (ECF No. 69) is **GRANTED**. The case is **DISMISSED WITHOUT PREJUDICE**. If the provisions of SORA at issue are enforced against the plaintiff after entry of the final judgment in *Does II*, he may return to this Court or seek relief from Judge Cleland.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 75) is **DENIED**.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Date: March 30, 2020

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 30, 2020.

                                s/Susan K. Pinkowski
                                SUSAN K. PINKOWSKI